JONATHAN HODGES *et al. versus* LAURA P. HOL-
LAND, Administratrix.

If a creditor having two demands against his debtor instructs his attorney to bring
an action upon one of them, and the attorney inserts in the declaration a general
count applicable to either, for the purpose of covering any demand which his
client may have, the defendant cannot object to the plaintiff's giving in evidence
the demand which originally was not intended to be embraced in the action.

ASSUMPSIT.   The declaration contained originally two
counts.   The first described a promissory note, signed by
Samuel M. Holland, the defendant's intestate, for 6000 dol-
lars.   The second was for 10,000 dollars, money had and
received by the intestate to the use of the plaintiffs.

Before the trial the plaintiffs had leave to amend, by strik-
ing out the first count ; and they gave notice, several days
before, to the defendant's counsel, that they should offer as
evidence under the second count, a note dated July 19,
1826, for 1809 dollars, signed by John Fairfield and indorsed
by the intestate, and payable in seven months from date.

At the trial, before *Wilde* J., the plaintiffs produced this
note, and proved the handwriting of Fairfield and the intes-
tate.   They also proved a partnership between Fairfield and
the intestate, under the name of John Fairfield, and that
this was a partnership note.   Upon an objection taken by the
defendant's counsel, that this note was not declared upon,
nor originally intended to be introduced into this action, the
plaintiffs' counsel admitted that when the writ was made, he
had no instructions to put this particular note in suit ; that he
inserted the common count for money had and received, (in
conformity with his usual practice, of introducing some of the
money counts, when they are proper, into the declaration),
for the purpose of comprehending any and all demands which
the plaintiffs might have against the intestate ; and that he
afterwards received this note from the plaintiffs, as the evi-
dence of one of the demands held by them against the intes-
tate long before this action was commenced.   And he claimed
the right, on their behalf, to introduce this note in evidence,
under the second count.

Hodges
*v.*
Holland.

*March* 31*st.*

*April 4th.*

The judge admitted the evidence, and the jury found a verdict for the plaintiffs. If the note ought not to have been admitted in evidence, the plaintiffs were to become nonsuit; otherwise judgment was to be rendered on the verdict.

*Aylwin,* for the defendant, cited *Willis* v. *Crooker,* 1 Pick. 204.

*C. P. Curtis,* for the plaintiffs.

*Per Curiam.* The note in question was due from the intestate, and it was competent evidence to support a general count for money had and received; but the defendant objects that it ought not to have been received in evidence, because when the action was brought the plaintiffs did not intend to include it in their writ. It is proper to remark, that there were no subsequent attachments by other creditors of the intestate; and it is therefore unnecessary to consider whether the claims of such creditors would have had any effect on the question before us. We shall take it to have been proved, that the plaintiffs intended, at the time, to sue only upon the note for 6000 dollars; and we are then to decide whether they could avail themselves of the note for 1809 dollars. This note was only evidence; and the question then is, whether a plaintiff is obliged, when he commences an action, to determine upon what evidence he will rely. Clearly he is not. Any proper evidence, whether discovered before or after suit brought, is admissible. Further, suppose the suit had been commenced by the attorney, upon a good cause of action, without any application on the part of the plaintiffs, it might be subsequently authorized by them, and then it would stand in the same condition as if there had been a previous authority. Now here the attorney stated that he inserted the general count for greater caution, and for the purpose of comprehending any demands which the plaintiffs might have against the intestate, besides the note described in the first count, and the plaintiffs have ratified his doings. We are of opinion, therefore, on these grounds, that the plaintiffs had a right to offer the smaller note in support of the money count, and judgment must be entered on the verdict.